IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARGARET GREEN WARDLAW

v.                           : Civil Action No. DKC 2006-1641

MATERNITY CENTER
 ASSOCIATES, INC., LTD.        :

## MEMORANDUM OPINION

Presently pending and ready for resolution in this case is the motion of Defendant, Maternity Center Associates, Inc., Ltd., to dismiss count three of the complaint (paper 5).  The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.  For the reasons that follow, the court will deny Defendant's motion to dismiss.

## I.  Background

Defendant seeks to dismiss, for failure to state a claim, the claim of Plaintiff, Margaret Green Wardlaw, for invasion of privacy by public disclosure of private information.  The following facts are based on the complaint and are presented in the light most favorable to Plaintiff.  Defendant operates a professional nurse-midwife practice where Plaintiff worked as a certified nurse midwife between August 7, 2000, and May 12, 2005.  At some time during this employment relationship, Plaintiff developed a medical condition that required ongoing treatment.  She "communicated information about the medical problem to [Defendant's] principals . . . in strictest confidence, solely to ensure that treatment

sessions would not conflict with her . . . work schedule" and they unnecessarily disclosed this information to her "colleagues." (Paper 1, at 9 ¶ 42-44).

Plaintiff filed this action on June 27, 2006, asserting this court's diversity jurisdiction.  Plaintiff asserts claims for (1) breach of contract, (2) violation of the Maryland Wage Payment and Collection Act, and (3) invasion of privacy.  Plaintiff's breach of contract and Maryland statutory claim relate to changes in her insurance coverage during the term of Plaintiff's employment. Plaintiff's invasion of privacy claim asserts that Defendant "unnecessarily informed Ms. Wardlaw's . . . colleagues about Ms. Wardlaw's private medical issues."  (Paper 1, at 9 ¶ 42).

## II.  Standard of Review

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Accordingly, a 12(b)(6) motion ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement

of the claim showing that the pleader is entitled to relief."
Fed.R.Civ.P. 8(a)(2).

In its determination, the court must consider all well-pled
allegations in a complaint as true, *see Albright v. Oliver*, 510
U.S. 266, 268 (1994), and must construe all factual allegations in
the light most favorable to the plaintiff. *See Harrison v.
Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999)
(citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.
1993)). The court must disregard the contrary allegations of the
opposing party. *See A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th
Cir. 1969). The court need not, however, accept unsupported legal
allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873
(4th Cir. 1989), legal conclusions couched as factual allegations,
*Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual
allegations devoid of any reference to actual events, *United Black
Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## III. Analysis

Defendant argues that Plaintiff has failed to state a claim
for invasion of privacy based on public disclosure of private
information. Maryland recognizes the tort of invasion of privacy,
which, as set out in the Restatement (Second) Torts, includes four
separate branches: "'(a) unreasonable intrusion upon the seclusion
of another . . .; or (b) appropriation of the other's name or
likeness . . .; or (c) unreasonable publicity given to the other's

private life . . .; or (d) publicity that unreasonably places the
other in a false light before the public . . . .'" *Bailer v. Erie
Ins. Exchange*, 344 Md. 515, 525-26 (1997) (quoting Restatement
(Second) Torts § 652A).  "To recover for invasion of privacy for
the publication of private facts, a party must show that [the
defendant] publicized private facts in a highly offensive manner
about an issue not of public concern."  *Reuber v. Food Chemical
News, Inc.*, 925 F.2d 703 (4th Cir.) (citing *Hollander v. Lubow*, 277
Md. 47 (1976)), *cert. denied*, 501 U.S. 1212 (1991).

The element of disclosure or publicity requires "that the
matter is made public, by communicating it to the public at large,
or to so many persons that the matter must be regarded as
substantially certain to become one of public knowledge."
Restatement (Second) Torts § 652D cmt. a.  "'[I]t is not an
invasion of the right of privacy . . . to communicate a fact
concerning the plaintiff's private life to a single person or even
to a small group of persons.'"  *Pemberton v. Bethlehem Steel Corp.*,
66 Md.App. 133, 166 (Md.Ct.Spec.App.) (quoting Restatement (Second)
Torts § 652D cmt. a), *cert. denied*, 306 Md. 289, *cert. denied*, 479
U.S. 984 (1986).

Defendant argues that Plaintiff's allegation that her
information was revealed to her "colleagues," (paper 1, at 9), does
not amount to publication because Plaintiff's colleagues are "a
small group of persons."  *Pemberton*, 66 Md.App. at 166.  Defendant

4

relies upon *Gladhill v. Chevy Chase Bank, F.S.B.*, No. 905 Sept. Term 2000, 2001 WL 894267 (Md.Ct.Spec.App. Aug. 1, 2001).  In that case, the trial court dismissed the claim of an employee who alleged that the reason for his termination was disclosed to an unstated number of his former co-workers.  *Id.* at *18-*19.  The Court of Special Appeals of Maryland affirmed the dismissal in an unpublished opinion that also relied on alternative grounds.  The *Gladhill* court concluded that the plaintiff's claim for invasion of privacy should be dismissed because (1) any disclosure by the defendant was protected by the employer-employee privilege, (2) the disclosure made was not sufficiently offensive, (3) the plaintiff was improperly presenting as an invasion of privacy claim a claim for breach of a contract promising confidentiality, and (4) the disclosure was made to a group too small to satisfy the publication requirement.  *Id.* at *19-*21.  The *Gladhill* decision is unpublished, and therefore is not considered precedent or persuasive authority by other Maryland courts.  Md.R. 1-104; *Nicholson v. Yamaha Motor Co.*, 80 Md.App. 695, 718 n.5 (Md.Ct.Spec.App. 1989), *cert. denied*, 318 Md. 683 (1990).

    In contrast, in *Talley v. Farrell*, 156 F.Supp.2d 534 (D.Md. 2001), *appeal dismissed*, 43 Fed.Appx. 657 (4th Cir. 2002), the court considered whether a police officer's allegation that his personal information was disclosed to the police department's internal affairs division was sufficient to overcome a motion to dismiss.

While recognizing that publication to a small group is insufficient to state a claim for unreasonable publicity under Maryland law, the *Talley* court denied a motion to dismiss because the plaintiff was entitled to discovery as to the scope of the disclosure. *Id.* at 544-45. The court reasoned that the defendant could not demonstrate, based only on the plaintiff's allegations, that the disclosure was limited to so small a group that the publication requirement could not possibly be satisfied. *Id.* at 545. The reasoning of *Talley* would allow Plaintiff to proceed to discovery rather than requiring dismissal, and, under the circumstances presented in this case, is more the more appropriate course. When there are not alternative grounds for dismissal, it is more appropriate to allow discovery as to the exact scope of a disclosure than to dismiss an unreasonable publicity claim without resolving the number of people to whom the disclosure was allegedly made.[1]

Defendant further argues that Plaintiff's use of the term "colleagues" refers to the four to five certified nurse-midwives who worked for Defendant at the time Plaintiff's employment ended. On a motion to dismiss, the court must construe Plaintiff's

---

[1] The Court of Appeals of Maryland has not yet articulated exactly how broad a disclosure is required to support a claim of unreasonable publicity. At some future point, once the facts are more fully developed, and if the question of the size of the group necessary to support a claim is dispositive, it may become appropriate to certify the question to the Court of Appeals.

allegation of disclosure to her colleagues "in the light most favorable to the [P]laintiff." *Harrison*, 176 F.3d at 783. Plaintiff argues that the scope of the disclosure among Defendant's employees is not yet clear.  In any event, Defendant has not shown that Plaintiff's allegation of disclosure to her "colleagues" necessarily indicates disclosure to so small a group that Plaintiff has failed to state a claim.

**IV.  Conclusion**

For the foregoing reasons Defendant's motion to dismiss count three will be denied.  A separate Order will follow.


<u>               /s/               </u>
DEBORAH K. CHASANOW
United States District Judge